

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN STUCCO, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1357-GTP-SS** |
| **GREYSTAR DEVELOPMENT & CONSTRUCTION,** | |

### ORDER

DEFENDANTS' MOTIONS FOR MORE DEFINITE STATEMENT (Rec. doc. 12 and 13)

**DENIED**

    Before the undersigned are the motions of the defendants, CG Multifamily New Orleans, L.P. and Greystar Development & Construction, L.P., for more definite statement. The plaintiff, Southern Stucco, Inc., filed a complaint and an amended complaint. Rec. docs. 1 and 3. The plaintiff alleges that the two defendants entered into a contract for a construction project in New Orleans and plaintiff was a subcontractor. The plaintiff alleges that the contract between the two defendants contained an arbitration clause and it is a third party beneficiary of that provision. The plaintiff alleges that it is aggrieved by a suit filed in Texas and by the defendants' failure to invoke the arbitration provisions of the contract and that it is entitled to relief under the Federal Arbitration

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No.____
```

Act in the form of an order directing the defendants to arbitrate all claims and disputes arising from or related to the project, including those asserted in the Texas litigation. Rec. doc. 1.

The defendants contend that the plaintiff's request for relief can be interpreted in at least three different ways: (1) the plaintiff and defendants arbitrate all claims among them at the same time the Texas litigation addresses the same claims; (2) the plaintiff asks that claims among plaintiff and defendants be extracted from the Texas litigation and arbitrated while claims involving other parties in that litigation continue; and (3) all claims in the Texas litigation be sent to arbitration and that litigation be stayed pending such arbitration. The defendants argue that plaintiff should be required to specify the relief it seeks so that the defendants may formulate their defenses. The plaintiff's opposition states that the relief sought is an order compelling the defendants to arbitrate all disputes arising from the project and a stay of the Texas suit.

A motion for a more definite statement is not favored and is granted sparingly. 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.36[1] (3d ed. 1997). "In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle or obtaining the detailed information." Id. A claim for relief is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a). In Walker v. South Central Bell Telephone Co., 904 F.2d 275 (5th Cir. 1990), the Fifth Circuit said:

> A complaint may be inadequate in one of two fashions. First, the pleadings must provide notice of the circumstances which give rise to the claim. Second, the pleader must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.

2

Id. at 277. The plaintiff's complaint meets these requirements.

IT IS ORDERED that: (1) the motions of the defendants for more definite statement (Rec. docs. 12 and 13) are DENIED; and (2) the defendants shall file their answers within ten (10) working days of the entry of this order.

New Orleans, Louisiana, this 26th day of August, 2005.

SALLY SHUSHAN
United States Magistrate Judge